UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APPLIED INNOVATIONS, INC., a Washington corporation, and ARMADA CORP., a Washington corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMERCIAL RECOVERY CORPORATION, a Minnesota corporation,<br><br>    Defendant. | No. CV-11-330-JPH<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING FILING A JOINT PROPOSED AMENDED SCHEDULING ORDER |

BEFORE THE COURT is plaintiffs' motion for summary judgment, pursuant to Fed. R. Civ. P. 56, filed on May 15, 2012, ECF No. 31, and heard with argument on August 15, 2012. Defendant filed a response in opposition on June 8, 2012, ECF No. 36, and plaintiffs replied, ECF No. 43. Rex B. Stratton appeared on behalf of plaintiffs. Gregory J. Myers appeared on behalf of defendant. The parties consented to proceed before a magistrate judge, ECF No. 22.

The lawsuit initially arose in response to a cease and desist letter defendant (CRC) sent to collection agencies that subscribe to a computer based data resource program written and administered by plaintiffs, ECF No. 34 at 5. Kevin Layne is the inventor of the

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 1

1   '839 Layne patent and defendant CRC is the assignee, ECF No. 38 at
2   Exhibit 1 at 1; ECF NO. 39 at Exhibits 1-6. Plaintiffs seek
3   summary judgment asking the court to invalidate the Layne '839
4   patent.

## I. Background

The Layne '839 patent was granted on January 23, 2007, following a November 5, 1999 application, ECF No. 38 at Exhibit 4. Plaintiffs allege the Layne '839 patent is invalid. In support, they allege the patent was anticipated by a prior art reference, the Evans '139 application, filed March 12, 1999, by inventor Scott Evans, ECF No. 38 at Exhibit 3, pages 50-100.

To show the Evans '139 application anticipated the Layne '839 patent, plaintiffs rely on an examiner's decision rejecting three claims in the Layne '091 application (a continuation application of the Layne '839 patent) as anticipated by the Evans '139 application. The Layne '091 application was filed March 13, 2009.

The examiner rejected three claims in the Layne '091 application because, as noted, he found they were anticipated by the Evans '139 application. Plaintiffs allege because the Layne '839 patent is the "parent" to the Layne '091 "child" continuation application, all claims in the patent-in-chief are thereby rendered invalid, ECF No. 43 at 2.

Defendant asserts the Layne '839 patent is not invalid because (1) the Layne '839 patent antedates the Evans '139 application; (2) the Layne '839 patent is distinct and different from the Evans '139 application; and (3) the examiner's finding of anticipation with respect to the continuing application, the Layne

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 2

'091 application, does not invalidate the Layne '839 patent, ECF No. 36 at 1.

## II. **Basis for Summary Judgment**

On May 15, 2012, plaintiffs filed a motion for summary judgment asking the court to invalidate the Layne '839 patent, ECF No. 31, 35. Plaintiffs allege that the

> sole fact before this Court is the rejection by the Patent Office of the Layne '091 child application. That rejection is disclosed in the file history of that application ... The sole argument before the court is: if the Patent Office found the '091 child application to be not patentable in light of the Evans '139 [application] then, as the child flows from the parent, the claims of the Layne '839 patent are invalid as well.

ECF No. 43 at 2.

## III. **Legal Standard**

The grant or denial of Summary judgment in patent cases is analyzed under the law of the circuit. *Lexion Med., LLC v. Northgate Techs.*, Inc., 641 F.3d 1352, 1358 (Fed. Cir. 2011). To prevail, the moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Campbell v. State Dep't of Soc. and Health Servs.*, 671 F.3d 837, 842 (9th Cir. 2011). The Court must view the evidence in the light most favorable to the nonmoving party: "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (1986).

## IV. **Discussion**

Patents must involve patentable subject matter (§101), be novel (§102), and nonobvious (§103). 35 U.S.C.A. Pt. II. Once issued, a patent grants certain exclusive rights to use the

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 3

invention during the patent's duration. To enforce that right, a patentee can bring a civil action for infringement if another person "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." §271(a); see also §281.

Among other defenses under §282 of the Patent Act of 1952, an alleged infringer may assert the invalidity of the patent - that is, he may attempt to prove that the patent never should have issued in the first place. See §§ 282(2),(3). A party may argue, for instance, that the claimed invention was obvious at the time and thus one of the conditions of patentability was lacking. See §282(2); see also §103.

Patents are presumed valid. 35 U.S.C. § 282. It is the challenger's burden to establish invalidity with "clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. \_\_, 131 S. Ct. 2238, 2246, 2249, 2252 (2011).

A patent's claims and elements are different. The claims of the patent define the metes and bounds of the patent owner's exclusive rights during the life of the patent. Elements describe the limitations within the claims, i.e., broad claims include fewer elements, or limitations, than narrow claims do and therefore cover a wider range of subject matter. Herbert F. Schwartz & Robert J. Goldman, *Patent Law and Practice*, 11, 16 (Sixth Edition 2008).

The requirements for a continuation application are described at 35 U.S.C. §120. A continuation application is an application

that (1) claims subject matter that (2) was first disclosed in another application filed at an earlier time, and (3) which names at least one common inventor. Further, the later filed application (4) must be filed before the earlier application has either issued or been abandoned and must make reference to the earlier application. Irving Kayton, *Patent Practice*, 6-1 (Sixth Edition).

## V. <u>Assertions</u>

### A. <u>Diligent reduction to practice</u>

Under the rules applicable to this litigation, the first to invent has priority. To antedate means to establish an invention's priority in time. *See Mahurkar v. C.R. Bard, Inc*., 79 F.3d 1572, 1578 (Fed. Cir. 1996).

If plaintiffs were able to show the Evans '139 application antedated the Layne '839 patent, they may be able to establish the patent's invalidity. Plaintiffs point out the Evans '139 application was filed on March 12, 1999, eight months before the November 5, 1999 application that resulted in granting the Layne '839 patent.

Priority may be shown by:

(1) an earlier reduction to practice, or

(2) an earlier conception followed by a diligent reduction to practice. *Purdue v. Pharma L.P. v. Boehringer Ingleheim GmbH*, 237 F.3d 1359, 1365 (Fed. Cir. 2001)(internal citation omitted). Conception and reduction to practice are questions of law, based on subsidiary findings of fact. *Id*., citing *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376, 231 USPQ 81, 87 (Fed. Cir. 1993).

1    Defendant has produced documents showing Kevin Layne made
2 notes and began working on the invention in 1998, by February 1999
3 the invention was operational with some problems, and that April
4 1999, the invention was operational. *See* ECF No. 39 at Layne
5 affidavit at ¶¶ 6-15; 39 at Exhibits 1-8 (includes July 29, 1998
6 response to price request for updated computer configuration
7 purchases) (ECF No. 39-3); (fax dated September 4, 1998 indicating
8 defendant CRC's authorization to purchase new equipment from IBM
9 for the invention)(ECF No. 39-6); and ECF No. 39, Exhibits 10-15
10 (detailing problem resolutions).

11    Defendant's evidence, if believed, would show Layne's
12 invention (resulting in the Layne '839 patent) antedated the Evans
13 '139 application by establishing an earlier conception followed by
14 diligent reduction to practice, as defined by 35 U.S.C. §102(g).
15 The second prong of 35 U.S.C. § 102(g) is arguably met because
16 there is evidence the Layne '839 patent is an earlier conception
17 followed by diligent reduction to practice.

18    Plaintiffs must prove patent invalidity with clear and
19 convincing evidence. Whether the Evans '139 application antedates
20 the Layne '839 patent is a disputed issue of material fact.
21 Therefore, plaintiffs' motion for summary judgment on this basis
22 is denied.

23    B. <u>Plaintiffs allege because the examiner rejected the 3</u>
24 <u>claims in the Layne '091 application as anticipated by the Evans</u>
25 <u>'139 application, the Layne '839 patent is rendered invalid.</u>

26    Plaintiffs allege the *sole issue* on summary judgment is the
27 effect of the examiner's rejection of claims 1-3 in the Layne '091
28

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 6

continuation application on the validity of the Layne '839 patent, ECF No. 43 at 2. The only authority cited for this proposition is *Ormco Corporation v. Align Technology, Inc.*, 498 F.3d 1307 (Fed. Cir. 2007).

Plaintiffs allege because the child application, Layne '091, "has now been abandoned after rejection of its claims in light of the Evans '139 application," and the Evans '139 application was not considered by the patent examiner when the patent-in-suit was issued, the parent patent-in-suit should also be invalidated, as the child flows from the parent. (ECF No. 34 at 5-6; ECF No. 43 at 2, citing *e.g. Ormco Corp. v. Align Technology, Inc.*, 498 F.3d 1307, 1314 (Fed. Cir. 2007).

Plaintiffs read *Ormco* too broadly. *Ormco* states

"When the application of prosecution disclaimer involves statements from prosecution of a familial patent relating to the same subject matter as the claim language at issue in the patent being construed, those statements in the familial application are relevant in construing the claims at issue. *See, e.g., Wang Lab., Inc. Vv. Am. Online, Inc.*, 197 F.3d 1377, 1384 (Fed. Cir. 1999); *Jonsson v. Stanley Works*, 903 F.2d 812, 818 (Fed. Cir. 1990). In this case, the specifications of the prior '562 patent, which is the parent of three of the patents in issue, and all the presently litigated patents, have the same content. Thus, the prosecution history of the claims of application number 07/973,973, which led to the '562 patent, are relevant in construing the claims of the '432, the '243, the '861, and the '444 patents."
*Ormco*, 498 F.3d at 1314.

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 7

Claim construction is premature as the *Markman* hearing has not yet been conducted. *Ormco* does not stand for the proposition Plaintiffs assert. Accordingly, summary judgment on this basis is also denied.

C. <u>There appear to be distinctions between the claims in the Evans '139 application and the Layne '839 patent.</u>

The examiner rejected claims 1-3 in the Layne '091 continuation application.[1] Defendant points out the Layne '839 patent itself has 21 claims; therefore, defendant asserts, a rejection of the three claims in the Layne '091 continuation application cannot logically invalidate all of the claims in the Layne '839 patent. ECF No. 37 at 2-3, 5-6. Defendant asserts the claims in the Layne '091 continuation application differ from those in the Layne '839 patent. As one example, Defendant observes tiered access is claimed in the Layne '839 patent but not in the Evans '139 application. ECF No. 36 at 17-19; 37 at 5-6; Layne affidavit Exhibit 2 at page 18.

Continuation claims may be broader or narrower than a patent's original claims. It is the relationship between the *claims* in a continuing application and the *disclosure* set forth in the corresponding original application that matters. *See* 35 U.S.C. §112.

It is required that a continuing application "discloses and claims only subject matter disclosed in the prior application." An applicant may claim anything in a continuing application that has

---

[1] There were only 3 claims before the examiner because claims 4-6 were cancelled.

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 8

been adequately *disclosed* in the original or parent application. *See* 35 U.S.C. §§112, 120.

Plaintiff fails to present clear and convincing evidence that the claims in the Layne '091 application were fully disclosed in the Layne '839 original patent application.

The defense of "anticipation" has not been established:

> "Anticipation" means the claimed elements of an invention are disclosed in a single prior art reference and arranged as in the claim. It is a narrow, technical defense under 35 U.S.C. §102. "[E]ach and every limitation of the claimed invention [must] be disclosed in a single prior art reference," and must be arranged as in the claim.

ECF No. 36 at 9, citing *In re Buszard*, 504 F.3d 1364, 1366 (Fed. Cir. 2007)(additional citations omitted).

Whether the Evans '139 application anticipated the Layne '091 continuation application, as found by the examiner, is a question of fact. Whether the claims were anticipated by the Evans '139 application with respect to the patent-in-suit is also a question of fact. *See Zenon Envtl., Inc., v. U.S. Filtercorp.*, 506 F.3d 1263, 1268 (Fed. Cir. 2007). What effect does the examiner's finding, that the Evans '139 application anticipated the 3 claims in the Layne '091 application, have on the validity of the Layne '839 patent? This raises a genuine issue of material fact that cannot be decided on summary judgment.

## VI. Conclusions

The Court has reviewed the record and heard the arguments of counsel. Defendant, as the opposing party, has the burden of establishing that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 9

U.S. 574, 586 (1986). This means defendant must show a fact in contention is material, i.e., a fact that might affect the outcome of the suit under governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 99th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party [in this case, CRC], *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth a trial." *T.W. Electric*, 809 F.2d at 631.

After viewing the facts and inferences in the light most favorable to defendant, this Court finds defendant demonstrates a genuine issue of material fact for trial, because the facts in contention are material, that is, might affect the outcome of the case, and present a genuine issue for trial, because a rational trier of fact could find in defendant's favor.

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' motion for summary judgment asking the court to declare the Layne '839 patent invalid, ECF No. 31, is **DENIED.**
2. The parties' joint motion to amend the scheduling order, **ECF No. 48, is GRANTED in part. The parties are directed to file a joint proposed amended scheduling order no later than September 14, 2012.**

The District Court Executive is directed to enter this order and forward copies to the parties.

DATED this 17th day of August, 2012.

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 10

```
                    s/ James P. Hutton
                    JAMES P. HUTTON
              UNITED STATES MAGISTRATE JUDGE
```

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 11